New York County.—Hon. D. G. ROLLINS, Surrogate.—October, 1886.

MATTER OF HOYT.

*In the matter of the estate of* JESSE HOYT, *deceased.*

A Surrogate's court will not pass upon proposed findings, in a controversy which has been before it, except upon the settlement of a case made for the purpose of an appeal from its determination.

Matter of Dodge, 24 *Week. Dig.*, 3—followed.

SUBMISSION of findings, preparatory to settlement of decree confirming probate of decedent's will.

ELIHU ROOT, *for executors.*

FRANK J. DUPIGNAC, *for Mary I. Hoyt.*

THE SURROGATE.—A decree confirming the probate of this testator's will is about to be entered in accordance with my decision of August 28th, 1886. Certain proposed findings of fact and conclusions of law have been submitted to me on the part of the proponents, and certain others upon the part of the contestant. In Dickel v. Yates (2 *Dem.*, 229) and in Tilby v. Tilby (3 *id.*, 258), I held that, until the settlement of a case for the purposes of appeal, the Surrogate could not be required by the parties to a controversy involving an issue of fact, to find and rule upon ques-

tions of fact or questions of law submitted after the trial, for his determination. This interpretation of the provisions of the Code regulating the procedure of Surrogates' courts has the sanction of Surrogate COFFIN (see Hartwell v. McMaster, 4 *Redf.*, 389), and has lately been approved by the general term of the Supreme court, in the Third Department (Matter of Dodge, 24 *Week. Dig.*, 3).

Section 2545 of the Code of Civil Procedure declares that, upon a trial such as has been had in the case at bar, " the Surrogate must file his decision in writing, which must state separately the facts found and the conclusions of law." I have complied with this direction, and, until requested, upon the settlement of a case, shall make no other findings of fact or law.